

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1902
Re: Whether tax levied by Article 7047f,
Vernon's Civil Statutes, is due upon
awards made by R.E. Griffith Theatres,
Inc., and drawings known as "Weekly
Cash Night."

In your letter of February 8, 1940, you advise us that some fifteen theatres in Texas, which are affiliated with the R. E. Griffith Theatres, Inc., have for the past year been conducting a drawing or contest under the name "Weekly Cash Night" in which cash prizes are awarded to the winners in such event. You submit to us the following facts as governing the giving of these awards:

"The person who desires to participate in our cash nights must sign a register, giving his full name and address. The participant receives a number which is opposite his name, a corresponding number is placed in the receptacle. You only register once in this book, and the registration holds good for the length of time that you may want to hold cash nights. This registration is free and you do not have to pay an admission to the Theatre to get your name in the registration book.

"You also receive an identifying entry card with rules as card attached.

"The award is held on Wednesday and Thursday.

TCATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ........

Honorable Geo. H. Sheppard, page 2 -

"In the lobby of our theatre, we have a special built table stand, which is conducted by a theatre attendant. Any person that has signed the register and has an identifying entry card, can come to the theatre all day Wednesday and Thursday up until 6 P. M. and qualify free of charge. They simply sign their name on the qualifying book, and sign a card which places their name in alphabetical order in the filing cabinet. All this is free; they do not have to purchase an admission ticket.

"The award is held Thursday night at approximate times 8:30, 8:35, or 8:40, and is advertised on our cards as being held between 8 and 9 due to the time of pictures, which will vary 5 or 10 minutes. At the time the award is held theatre stops operation; people are allowed to come in the theatre lobby and people stay in their cars; other people who have signed a qualification card are represented by their signatures on cards; all these people mentioned have not paid any kind of admission. People who desire to see the picture entertainment are the only ones who have paid any kind of admission.

"When the award is held, the index qualification cards are checked to see if winner has qualified. If the winner is in the free qualification list, it is announced and they have until 10 P.M. to claim the award. They are notified by telephone or other such available means. If there is no winner in the qualification cards, the name of the winner is called in the theatre, the lobby, and in front of the theatre; if the person is in any of these places he has 5 minutes to claim the award, and is allowed to come in the theatre down the aisle to the front, where he can claim the award free without any payment of admission.

"The number of people, who pay admission

Honorable Geo. H. Shepard, page 3 -

to the theatre depend on the type of picture entertainment.

"I would like to cite to you this date, January 4, 1940, Thursday night; On our free qualification book we had 157 free qualifications, 63 in lobby, 76 in cars; this total of 366 people participated free. In the theatre proper, we had 337 paid admissions, better than 50% participating free. This check was also made at New Braunfels, Lockhart, and Gonzales and better than 50% participated free in these different situations. This same ratio prevails at our other theatres who are holding cash nights.

"A person does not sign the identification register but once.

"But he must qualify and sign the qualication cards once a week in order to be eligible for the award.

"We set aside $25.00 per week for advertising and payment of dividend and allow all of our citizens who care to participate, take part. If a person is not qualified or present, the award is carried over for the next week. And the additional $25.00 is added to the award."

You further advise that during the period of time that the operators of such theatres have been following this plan, they have paid out a total of 87 prizes, of which number 47 were won by persons who had paid admission, 22 by persons who had not paid admissions and 18 by persons whom the operators could not definitely determine from their record whether they had or had not paid an admission fee.

Article 7047f, Vernon's Civil Statutes, reads in part as follows:

"(a) Every person, firm, or corporation con-

Honorable Geo. H. Sheppard, page 4

ducting a theatre, place of amusement, or
any business enterprise in connection with
the operation of which a prize in the form
of money or something of value is offered
or given to one or more patrons of such
theatre, place of amusement, or business
enterprise, and not given to all patrons
thereof paying the same charge for any cer-
tain service, commodity, or entertainment,
shall make a verified monthly report on the
twenty-fifth day of each month to the Comp-
troller of Public Accounts of the State of
Texas, showing the amount of money so given
in prizes, and the value of all prizes or
awards so given in connection with such bus-
iness during the next preceding month.

"(b) There is hereby levied a tax equal
to twenty per cent (20%) of the value of
all such money, prizes, and awards given in
connection with the operation of each and
all of the foregoing business enterprises,
and at the time of making the report to the
Comptroller of Public Accounts, the owner
or operator of any such business shall pay
to the State Treasurer such tax upon the total
amount of money, prizes, and awards so given
during the next preceding month * * * "

You request our opinion as to whether such 20%
prize tax has matured upon the awarding of these prizes
by the Griffith Theatres.

Two essential facts which must exist to render
this tax statute operative on any fact situation are:
(1) a prize must be offered or given away in connec-
tion with the operation of a theatre, place of amuse-
ment or business; (2) the prize must be offered or
given to one or more patrons thereof and not given to
all patrons who have paid the same charge for the en-
tertainment.

The first essential is satisfied under the
facts as given; namely, a prize is offered or given in

connection with the operation of a theatre.

The second essential is likewise satisfied in that there inheres in the facts, as presented to us, the presence of those in the theatre at the time the prize is offered and given, who have paid an admission charge, who are admittedly patrons of the theatre, and who are offered and may be given the prize, which, when given, will not have been given to all patrons who have paid the same charge for the entertainment.

Under such facts, necessarily a prize is offered to one or more patrons and may, of course, be given to one of them. This being a fact, the added fact that others may be eligible for the prize and may at times receive it, who may or may not be patrons within the purview of the statute, which question it is not necessary that we pass upon, does not eliminate the fact that the prize is offered and may be given to patrons inside the theatre.

It is obvious that if the mere offering of the prize to those outside the theatre were sufficient to render the statute inoperative, notwithstanding the prize is likewise offered and may be given to those who are admittedly patrons, a method of evading the statute would thereby be created. Such a method may not be sanctioned where there is no language in the statute indicating a legislative intent that the tax would mature only if the prize were offered or given to such patrons, and to them only. To the contrary, however, the language employed indicates the legislative intent that the tax is matured if the theatre offers or gives a prize to a patron, irrespective of the fact that others, who may or may not be patrons, may be eligible therefor.

Accordingly, you are respectfully advised that it is the opinion of this department that the tax levied by Article 7047f, Vernon's Civil Statutes, has matured under the facts set out in your letter.

May we state that we have examined our opinion No. O-1237, and others relating to this subject,

Honorable Geo. H. Sheppard, page 6

and we do not believe this opinion is in conflict with them. The statute under consideration, of course, presents many difficulties of construction.

We also point out that we are not passing upon the question of whether the operation of the plan as described constitutes a lottery under the Penal Code of Texas.

Trusting that we have adequately answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVEDMAR 30, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE